ARDEN WAY ASSOCIATES, et al., Plaintiffs,

v.

Ivan F. BOESKY; Ivan F. Boesky & Company, L.P.; Boesky & Kinder Partners, L.P.; IFB Managing Partnership, L.P.; the Ivan F. Boesky Corporation; Drexel Burnham Lambert, Incorporated; Dennis Levine; Martin A. Siegel; Fried, Frank, Harris, Shriver & Jacobson, Stephen Fraidin, P.C.; Stephen Fraidin; Seligmann, Harris & Co., Inc., and Oppenheim Appel, Dixon & Co., Defendants.

No. 87 Civ. 1865 (MP).

United States District Court, S.D. New York.

July 28, 1987.

Cadwalader, Wickersham & Taft, New York City by George D. Reycraft, Richard J. Wiener, Pamela R. Chepiga, for plaintiffs Arden Way Associates, et al.

Davis Polk & Wardwell, New York City by Henry L. King, Robert F. Wise, Jr., Daniel L. Brockett, Richard Goldstein, for defendants Fried, Frank, Harris, Shriver & Jacobson, Stephen Fraidin, P.C., and Stephen Fraidin.

Parker Chapin Flattau & Klimpl, New York City by Marvin G. Pickholz, Mark I. Schlessinger, for defendant Oppenheim, Appel, Dixon & Co.

Cahill Gordon & Reindel, New York City by Mathias E. Mone, George Wailand, Diedre A. Burgman, Joel M. Leifer, for defendant Drexel Burnham Lambert, Inc.

Proskauer Rose Goetz & Mendelsohn, New York City by David I. Goldblatt, Robert J. Kochenthal, Jr., Bennett L. Spiegel, for defendant Ivan F. Boesky Corp.

Goodman, Phillips & Vineberg, New York City by Steven H. Levin, and Cole & Corett, Washington, D.C. by Theodore Sonde, Robert S. Lavet, for defendant IFB Managing Partnership, L.P.

Rosenman & Colin, New York City by Robert Gottlieb, Susan J. Schwartz, for defendant Seligmann Harris & Co., Inc.

## ORDER

MILTON POLLACK, Senior District Judge.

Plaintiffs are purchasers of limited partnership interests in Ivan F. Boesky & Co., L.P. (the "Partnership"). They plead claims under the federal securities laws and common law arising out of those purchases. Plaintiffs allege that they were misled into purchasing or investing by, among other factors, Mr. Boesky's conduct of and failure to disclose unlawful insider trading.

On March 21, 1986 a reorganization plan converted the Ivan F. Boesky Corporation and its subsidiaries into limited partnerships. The reorganization involved financing to succeed to the business of the Boesky Corporation. Approximately $338 million in equity investments came from limited partners. The reorganization included the sale of Senior and Subordinated Participating Notes, due March 31, 1991, in the amount of $220 million, and $440 million, respectively. Plaintiffs characterize the nearly $1 billion equity and debt capitalization as an "integrated offering" of Partnership securities.

Plaintiffs were furnished a Confidential Private Placement Memorandum of Hudson Funding, dated February 18, 1986, and a Confidential Private Placement Memorandum dated January 3, 1986 (the "Prospectus"). The deficiencies complained of are in the Prospectus, which was prepared by defendants Fried, Frank, Harris, Shriver & Jacobson, Stephen Fraidin, P.C., and Stephen Fraidin (the "Fried Frank defendants"). Fried Frank issued four or five legal opinions at the closing, all dated March 21, 1986.

Motions have been presented by eight of the thirteen defendants to dismiss plaintiffs' Amended Complaint pursuant to Fed. R.Civ.P. 9(b) and 12(b)(6). For the reasons given hereafter the motions of the Fried Frank defendants, those of defendants Drexel Burnham Lambert, Incorporated ("Drexel"), The Ivan F. Boesky Corporation (the "Boesky Corporation"), Oppenheim, Appel, Dixon & Co. ("Oppenheim"), IFB Managing Partnership, L.P. ("IFB"), and Seligmann Harris & Co., Inc. ("Seligmann") will be denied.

The Court has given lengthy and careful consideration to the briefs and oral arguments on the motions. The nub of the

controversy on each of the motions revolves around and settles down to factual differences over the role that each of the moving defendants is charged to have played in the alleged integrated offering and sale of Partnership interests. The motions question the sufficiency in law and in fact of the allegations made in the Amended Complaint and the reasonableness of implications and inferences drawn by the plaintiffs therefrom. The parties are at issue concerning, among other things: the factual materiality of the pleaded misrepresentations and omissions; the sufficiency of the pleaded knowledge of the alleged improprieties and omissions; the substantiality of the alleged participation, aid and assistance rendered as alleged; the alleged recklessness of conduct described; the alleged control exercised over participants in the transactions described; the causation of the transactions pleaded and the losses claimed to have occurred.

The contentions of the plaintiffs are met by the moving parties, insofar as they are respectively asserted against them, with vigorous denials of the truth, sufficiency, and the particularity of the claims as pleaded. Varied interpretations of the pleadings are urged by each defendant insofar as they are asserted against them.

However, Fed.R.Civ.P. 12(b)(6) is not an appropriate vehicle by which to decide what fundamentally are factual disputes. The Amended Complaint, read as a whole with the reasonable inferences to be drawn from the allegations, puts the defendants on fair notice of the claims being asserted. Each of the moving defendants is charged with having played some material part in the accomplishment of the objective and of the violations charged. The substantive charges are of sufficient clarity to permit the defendants both to adequately answer the Amended Complaint and to intelligently prepare for discovery. The claims are sufficiently stated and because of the complexity and allegedly integrated connection of the parts of the funding, launching, and alleged management of the Partnership they are as adequately particularized as reasonably should be required under the obligations of Rules 8(a), 8(e), and 9(b) of the Federal Rules of Civil Procedure.

As against Drexel, The Boesky Corporation, Oppenheim, and the Fried Frank defendants, the allegations of the Amended Complaint, to the extent respectively asserted, which for present purposes must be taken as true, frame good claims upon which relief could be granted under the statutes and common law applicable to each defendant, viz., section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder, sections 5 and 12 of the 1933 Securities Act, the control provisions of the two acts, and the common law.

The Amended Complaint, as a matter of pleading, frames good claims on which relief could be granted under section 12 of the 1933 Act against defendant Seligmann. The allegations of plaintiff Gemini Overseas Corporation ("Gemini") against Seligmann include charges of a "parking" conspiracy between Seligmann and defendant Boesky which allegedly tainted the Prospectus not only for Gemini but for all others relying thereon. The allegations of the Amended Complaint raise a possible inference of substantial involvement by Seligmann in the pattern of securities violations alleged. The claims of plaintiffs other than Gemini, albeit not involving a direct contact of those plaintiffs with Seligmann, are pendent on the factual effect of the offer and sale of Partnership securities by means of the challenged Prospectus, Seligmann's alleged misconduct in connection with the offering, and thus draw Seligmann into the circle of those generally liable by reason thereof.

The defendant IFB Managing Partnership, L.P. ("IFB") is alleged to be a facade, a mere alter ego for defendant Boesky and consequently to be treated, if that be factual, as Boesky himself from its inception in January 1986 through fruition of the alleged integrated scheme. The Amended Complaint and reasonable inferences therefrom allege complicity by IFB in the allegedly fraudulent offering for the personal benefit of Boesky and his family.

A more detailed review and recitation at this time of the allegations and the conten-

**858**

tions and the responses thereto in an Opinion of the Court would not serve any useful purpose. The Court would be writing on partisan claims by one side of a case and dealing with technical pleading matter, and not a factual slate. Indeed, such a review at this time might be counter-productive and generate further semantic controversy, and perhaps even in retrospect furnish unintended and undue advantages or obstacles, as the case may be, to one or another of the parties affected. The very scope and detail of the complex financing and controverted positions preclude focussing accurate definitive responses factually appropriate to the part that each defendant played in the alleged integrated billion dollar offering of Partnership securities.

■ An adequate basis for reasonable, controlled discovery has been demonstrated. It will rest with the proof whether the facts support the allegations. Just what part each of the moving defendants played in the overall financing and funding of the Partnership and the consequences thereof will best be determined after the facts have been developed on the matters pleaded and assayed. The relative impact of each actor on the web of circumstances in the alleged integrated offering cannot now be dissembled and appraised. Each defendant is alleged to have played a material part in the accomplishment of the mass of violations charged. Exactly what that part was will have to be determined after the facts are all revealed.

The plaintiffs, without the benefit of the totality of the facts to precisely appraise and plead their case with technical nicety are not to be faulted. Given the basically undeveloped state of the facts at this early stage of the proceeding, a stricter application of the pleading rules in such a complex multiparty securities fraud case could result in substantial unfairness to the alleged victims of the supposed fraudulent conduct.

The moving defendants are not left entirely without an extended analysis and statement of reasons why the case must go forward with a development of the facts. A fair reading of the plaintiffs' exhaustive brief on these motions, compendiously explaining the allegations, inferences, and implications of the pleading and its reason-

able particularity, as further crystallized by the transcript of the oral argument, give defendants ample general notice in sufficient detail. Relief may be granted on the claims respectively asserted against the defendants substantially for the reasons there expressed. No more is presently required.

The points meticulously detailed and presented by defendants may indeed assume (or fail to assume) factual significance after discovery has been had. But the plaintiffs at this stage of the litigation must be given an opportunity to be heard by the triers of the facts, or at least to proceed until enough is developed pre-trial to warrant another disposition pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Defendant Oppenheim's motion for a bond for costs will be denied. A sufficient showing has not been made that plaintiffs brought this action in bad faith, or that the complaint, on its face, is without merit.

The several motions by the defendants are accordingly denied.

SO ORDERED.