**GUINNESS ENTERPRISES, INC.**
**(formerly Guinness America, Inc.), Plaintiff,**

v.

**Ivan F. BOESKY; Ivan F. Boesky & Company, L.P.; Boesky & Kinder Partners, L.P.; IFB Managing Partnership, L.P.; the Ivan F. Boesky Corporation; Drexel Burnham Lambert, Incorporated; Dennis Levine; Martin A. Siegel; and Oppenheim, Appel, Dixon & Co., Defendants.**

No. 87 Civ. 1898 (MP).

United States District Court,
S.D. New York.

July 28, 1987.

Arnold & Porter, New York City and Washington, D.C. by Mark H. Stumpf,

Richard J. Wertheimer, Richard P. Schifter, Murray R. Garnick, for plaintiff Guinness Enterprises, Inc.

Proskauer Rose Goetz & Mendelsohn, New York City by David I. Goldblatt, Robert J. Kochenthal, Jr., Bennett L. Spiegel, for Ivan F. Boesky Corp.

Parker Chapin Flattau & Klimpl, New York City by Marvin G. Pickholz, Mark I. Schlessinger, for defendant Oppenheim, Appel, Dixon & Co.

Cahill Gordon & Reindel, New York City by Mathias E. Mone, George Wailand, Diedre A. Burgman, Joel M. Leifer, for defendant Drexel Burnham Lambert, Inc.

Goodman, Phillips & Vineberg, New York City by Steven H. Levin, Cole & Corett, Washington, D.C. by Theodore Sonde, Robert S. Lavet, for IFB Managing Partnership, L.P.

### ORDER

MILTON POLLACK, Senior District Judge.

This is a companion case to *Arden Way Associates, et al. v. Ivan F. Boesky, et al.,* 664 F.Supp. 855, 86 Civ. 1865 (MP) (S.D.N.Y.1987) in which an Order dated July 28, 1987 was filed on motions of certain defendants for relief pursuant to Rules 12(b)(6) and 9(b), Fed.R.Civ.P.

In the instant case, motions have been presented by defendants Drexel Burnham Lambert, Incorporated; The Ivan F. Boesky Corporation; Oppenheim, Appel, Dixon, & Co.; and IFB Managing Partnership, L.P. addressed to the Amended Complaint pursuant to either or both Rules 12(b)(6) and 9(b) Fed.R.Civ.P., in respect of the allegations, respectively, against each of said defendants.

The allegations of the Amended Complaint herein mirror the allegations in the *Arden Way* Amended Complaint, at times with somewhat less particularity, but nonetheless they are substantively identical for the purposes of these motions. Counsel for the moving defendants herein are the same as in *Arden Way*. The arguments set forth in the papers on the like motions to dismiss in *Arden Way* are equally appli-

cable to the claims in this case. Similarly, the rulings made in the said Order of the Court in *Arden Way* are equally applicable to the motions herein.

Accordingly, the applications of the moving parties herein for dismissal of the Amended Complaint are denied.

SO ORDERED